IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

GODFREY L. EVANS,

    Plaintiff,  No. CIV S-04-2705 DFL KJM P

  vs.

M. JIMENEZ, et al.,

    Defendants.  <u>FINDINGS & RECOMMENDATIONS</u>

                              /

       Plaintiff is a state prisoner proceeding pro se with an action for violation of civil rights under 42 U.S.C. § 1983. Defendants have filed a motion to dismiss in which defendants assert plaintiff has failed to exhaust administrative remedies with respect to his claims.

I. <u>Standard</u>

       A motion to dismiss for failure to exhaust administrative remedies prior to filing suit arises under Rule 12(b) of the Federal Rules of Civil Procedure. <u>Wyatt v. Terhune</u>, 315 F.3d 1108, 1119 (9th Cir. 2003). In deciding a motion to dismiss for failure to exhaust non-judicial remedies, the court may look beyond the pleadings and decide disputed issues of fact. <u>Id</u>. at 1120. If the district court concludes that the prisoner has not exhausted non-judicial remedies, the proper remedy is dismissal of the claim without prejudice. <u>Id</u>.

/////

The exhaustion requirement is rooted in the Prison Litigation Reform Act, which provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). California Department of Corrections (CDC) regulations provide administrative procedures in the form of one informal and three formal levels of review to address plaintiff's claims. See Cal. Code Regs. tit. 15, §§ 3084.1-3084.7. Administrative procedures generally are exhausted once a prisoner has received a "Director's Level Decision," or third level review, with respect to his issues or claims. Cal. Code Regs. tit. 15, § 3084.5. All steps must be completed before a civil rights action is filed, unless a plaintiff demonstrates a step is unavailable to him; exhaustion during the pendency of the litigation will not save an action from dismissal. McKinney v. Carey, 311 F.3d 1198, 1200 (9th Cir. 2002). Defendants bear the burden of proving plaintiff's failure to exhaust. Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir.), cert. denied sub nom. Alameida v. Wyatt, 540 U. S. 810 (2003).

II. Plaintiff's Allegations

Plaintiff alleges that on June 17, 2003, defendants learned that a group of white inmates was going to attack a group of African-American inmates. The attack actually occurred that day and defendants did nothing to attempt to stop it. As a result of the attack, plaintiff sustained nerve damage from a laceration to his face, and he was stabbed in the back. The court construes plaintiff's allegations to state a claim for relief under the Eighth Amendment. See Farmer v. Brennan, 511 U.S. 825, 832 (1991).

III. Analysis of Motion

Defendants argue that plaintiff failed to utilize the CDC grievance process with respect to the claims brought in this action. In support of their argument, defendants present the affidavit of S. Babich, an employee at High Desert State Prison. Mot., Ex. A. In the affidavit, Babich indicates that she checked the appropriate records at High Desert and determined that

/////

plaintiff did not file an inmate grievance with respect to any actions taken by defendants on June 17, 2003.  Id. at 3:21-4:11.

With his opposition, plaintiff submits a grievance that does cover the events alleged by plaintiff in his complaint.  Opp'n, Ex. A at 1.  Plaintiff also includes a letter from the "Chief" of the "Inmate Appeals Branch" suggesting that there are no further administrative remedies left for plaintiff to exhaust, and that remedies thus were exhausted prior to the filing of this action.  Id., Ex. A at 3.  However, the grievance submitted by plaintiff was rejected as untimely.  Id., Ex. A at 2, 3.  It appears the grievance was submitted on March 15, 2004.  Id., Ex. A at 1.  Under CDC regulations, plaintiff must have filed his prisoner grievance within fifteen days of the events grieved, or by July 2, 2003.  Plaintiff provides no explanation for the nearly nine month delay in filing.  Id., Ex. A at 2.  Plaintiff's filing of a late grievance does not satisfy the requirement of exhaustion of administrative remedies.  Woodford v. Ngo, ___ U.S. ___, 2006 WL 1698937 (June 22, 2006).  This case thus must be dismissed.

In accordance with the above, IT IS HEREBY RECOMMENDED that:

1. Defendants' January 12, 2006 motion to dismiss be granted; and

2. This case be dismissed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within ten days after service of the objections.  The parties are advised

/////

/////

/////

/////

3

1  that failure to file objections within the specified time may waive the right to appeal the District
2  Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).
3  DATED: July 6, 2006.

                                UNITED STATES MAGISTRATE JUDGE

[1] evan2705.157